**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:23-cv-01098-HDV-AJR | Date:  August 17, 2023 |
| | Page 1 of 6 |

Title:     Txai Tay Her v. Brian Birkholz, Warden

---

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On February 13, 2023, Txai Tay Her, ("Petitioner"), a federal prisoner proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.) The Petition arises from Petitioner's October 15, 2018, convictions in the District of New Mexico for:

1. Conspiracy to possess with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846;
2. Possession with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2;
3. Using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and
4. Being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-01098-HDV-AJR                Date: August 17, 2023
                                               Page 2 of 6

Title:    Txai Tay Her v. Brian Birkholz, Warden

See Her v. United States, No. 17-CR-2903 KG, 2020 WL 1550890, at *1 (D.N.M. Apr. 1, 2020).[1] The District of New Mexico sentenced Petitioner to 123 months imprisonment. Id. On April 1, 2020, the District of New Mexico denied Petitioner's First Motion under 28 U.S.C. § 2255 ("First 2255 Motion"). See id. On April 19, 2022, the District of New Mexico denied Petitioner's Second Motion under 28 U.S.C. § 2255 ("Second 2255 Motion"). Her v. United States, No. 17-CR-2903 KG, 2022 WL 1156640 (D.N.M. Apr. 19, 2022).

In his grounds for habeas relief, Petitioner contends that he "received additional time under 924(c)" and that the Supreme Court "recently held that the conviction does not satisfy the elements force clause (crime of violence) therefore the penalties for 924(c) is [*sic*] inapplicable." (Dkt. 1 at 2.) To determine if this Court has jurisdiction over Petitioner's claim, the Court must resolve whether the Petition is properly brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). If the Petition falls under § 2255, it must be brought before the sentencing court, which is the District of New Mexico. See id. at 865 ("§ 2255 motions must be heard in the sentencing court . . . ."). If the Petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Central District of California. See id. ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . .").

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in

---

[1] The Court takes judicial notice of Petitioner's prior proceedings. See In re Korean Air Lines Co., Ltd., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:23-cv-01098-HDV-AJR              Date:  August 17, 2023
                                                                          Page 3 of 6

Title:          Txai Tay Her v. Brian Birkholz, Warden

violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'"  Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention."  Hernandez, 204 F.3d at 864-65 (internal quotation marks omitted); see also 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention").  A remedy qualifies as inadequate or ineffective for purposes of § 2255's "escape hatch" only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  Harrison, 519 F.3d at 959.  For a "claim to be a legitimate § 2241 petition," both requirements must be satisfied.  Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012).

Petitioner argues that he "is actually innocent of use of a firearm in furtherance of drug trafficking," because "the offense lacked the use, element required to qualify as a 924(c) conviction under the statutory text." (Dkt. 1 at 3.)  He alleges that "the conviction does not satisfy the elements force clause (crime of violence) therefore the penalties for 924(c) is [sic] inapplicable to him because the elements under the statute do not have the use, attempted use or threaten use of force to qualify as a crime of violence, to be enhanced under 924(c) force clause." (Id. at 2.)  However, this is not an actual innocence claim.  Plaintiff does not allege that he did not actually use and carry a firearm during and in relation to a drug trafficking crime; nor does he cite any new authorities that would render his conviction for this offense unlawful.  See Bousley v. United States, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."); see also Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (a claim of actual innocence for purposes of the § 2255 escape hatch is tested under the Bousley standard); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (the mere assertion of innocence, without a showing of "evidence tending to show that [the petitioner] did not commit the [acts] underlying his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-01098-HDV-AJR                                 Date: August 17, 2023
                                                                                              Page 4 of 6

Title:           Txai Tay Her v. Brian Birkholz, Warden

convictions," is insufficient to satisfy the actual innocence standard). Petitioner's failure to assert a claim of factual innocence appears on that ground alone to bar the Petition from qualifying for the § 2255 escape hatch. Muth, 676 F.3d at 819 (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence).

Moreover, Petitioner also has not shown that he did not have "an unobstructed procedural shot" to present his claim. To determine whether a petitioner had an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." Harrison, 519 F.3d at 960 (emphasis added). "For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively." Gibbs v. United States, 2016 WL 413215, at *1 (C.D. Cal. Jan. 31, 2016); see also Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.") (quoting Harrison, 519 F.3d at 960).

Here, Petitioner actually did raise this argument before the District of New Mexico in his First 2255 Motion. Specifically, Petitioner argued that he was entitled to relief from the 924(c) enhancement because the Supreme Court had held in United States v. Davis, 139 S. Ct. 2319, 2326 (2019), that the definition of "crime of violence" in Section 924(c)(3)(B) was unconstitutionally vague. See 2020 WL 1550890, at *2. However, the District of New Mexico explained that the holding in Davis has no impact on Petitioner's conviction or sentence because was not convicted of using a firearm during a crime of violence, but instead used a firearm during a drug trafficking crime in violation of Section 924(c)(1)(A). Thus, it is clear that Petitioner's claim related to the 924(c) enhancement was actually raised and denied on the merits in his First 2255 Motion. Accordingly, it appears that the Petition must proceed under § 2255. Because the Petition is a disguised § 2255 motion, it must be brought in the jurisdiction of the sentencing court, which is the District of New Mexico. See Hernandez, 204 F.3d at 865.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:23-cv-01098-HDV-AJR | Date: August 17, 2023 |
| | | Page 5 of 6 |
| Title: | Txai Tay Her v. Brian Birkholz, Warden | |

    The Court further notes that Petitioner's claim appears to be untimely. A federal prisoner ordinarily has only one year from the date that his conviction becomes final to file a federal habeas petition pursuant to section 2255. See 28 U.S.C. § 2255(f)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not appeal, in accordance with his waiver of rights under the Plea Agreement, and therefore his conviction became final on October 30, 2018, the first business day following expiration of the 14-day appeal period. Her v. United States, No. 17-CR-2903 KG, 2020 WL 1550890, at *1 (D.N.M. Apr. 1, 2020). Accordingly, absent tolling, the statute of limitations expired on October 30, 2019, more than three years and three months before Petitioner filed the instant petition.

    The statute of limitations may be equitably tolled where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 645 (2010). Here, however, the Petition does not allege any facts showing an entitlement to equitable tolling. Accordingly, the Petition appears to be untimely.

    Finally, because Petitioner has already filed two § 2255 motions, the Petition, construed as a § 2255 motion, appears to be successive. See Her v. United States, No. 17-CR-2903 KG, 2022 WL 1156640, at *1 (D.N.M. Apr. 19, 2022) (denying Petitioner's second § 2255 motion). The Supreme Court recently held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 143 S. Ct. 1857, 1864 (2023). Accordingly, the Court appears to lack jurisdiction to hear his claim.

    Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction. **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why the Petition: (1) qualifies for the escape hatch of section 2255, (2) is not untimely, and (3) is not successive.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     2:23-cv-01098-HDV-AJR                              Date:  August 17, 2023
                                                                 Page 6 of 6

Title:       Txai Tay Her v. Brian Birkholz, Warden

---

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).** Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address: #91688-051 FCI Victorville Medium II Federal Correctional Institution PO Box 3850 Adelanto, CA  92301.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).